UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION

| | |
|---|---|
| KATHLEEN PEREZ, | |
| Plaintiff, | **Civil Action File No.** |
| v. | |
| CIRCLE K STORES, INC., | **JURY TRIAL DEMANDED** |
| Defendant. | |

## <u>COMPLAINT</u>

Plaintiff Kathleen Perez ("Ms. Perez") states her complaint against the above-named Defendant as follows.

### INTRODUCTION

1.    This is a complaint for (1) violation of Title I of the Americans with Disabilities Act, 42 U.S.C. § 12111, *et seq.*, as amended (the "ADA"); (2) failure to pay minimum wage and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, (the "FLSA"); and (3) breach of contract under Georgia law.

### JURISDICTION AND VENUE

2.    This Court has jurisdiction over Ms. Perez's claims pursuant to 28 U.S.C. §§ 1331 and 1367.

3.    Venue is proper in this Court because the acts or omissions described herein

occurred within the Newnan Division of the Northern District of Georgia.

**PARTIES**

4.    Ms. Perez is a resident and citizen of the State of Georgia.  She submits to the

jurisdiction of this Court.

5.    Ms. Perez is and at all times relevant hereto was an individual with a disability

as that term is defined under 42 U.S.C. § 12102(1).

6.    Defendant Circle K Stores, Inc. ("Circle K") is a Texas Corporation registered

to conduct business within the State of Georgia.  Circle K operates a chain of

convenience stores throughout the United States and internationally, including

numerous locations in Georgia.

7.    At all times relevant to this lawsuit, Circle K has been an employer engaged

in an industry affecting commerce within the meaning of Section 101(5) of

the ADA, 42 U.S.C. § 12111, and Section 101(7) of the ADA, 42 U.S.C. §

12111 (7), which incorporate by reference Sections 701 (g) and (h) of Title

VII, 42 U.S.C. § 2000e (g) and (h).

8.    At all times relevant to this complaint, Circle K was an "employer" as such

term is defined under the FLSA.

9.    At all times relevant to this complaint, Circle K was an enterprise engaged in

commerce or the production of goods for commerce within the meaning of the FLSA.

10. During each of the three years preceding the filing of this complaint, Circle K employed more than 2 employees who were engaged in interstate commerce.

## ADMINISTRATIVE PROCEDURES

11. Ms. Perez has exhausted her administrative remedies with respect to the claims asserted herein.

12. Ms. Perez filed a charge of discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on February 6, 2020.

13. The EEOC issued a "Notice of Right to Sue" on October 22, 2020 entitling an action to be commenced within 90 days of receipt of such notice.

## FACTUAL ALLEGATIONS

### Factual Allegations Regarding Plaintiff's ADA Claim

14. Ms. Perez began employment with Circle K in 2002.

15. By January 2019, Ms. Perez had become the Store Manager of Circle K's convenience store located at 3096 Georgia Highway 34 East in Newnan, Georgia.

16. Ms. Perez suffers from a lung condition that substantially limits several major life activities. For example, Ms. Perez's lung condition limits her ability to

walk, stand, run, jump, lift heavy objects, and climb stairs, among numerous other physical activities.

17.    Despite her lung condition, with accommodation, Ms. Perez was able to perform the essential functions of her Store Manager position with Circle K. For example, Ms. Perez was allowed to perform the bulk of her duties while seated in her office.  Additionally, any physical duties that Ms. Perez could not perform, such as lifting heavy objects, were done by other Circle K employees, primarily store associates.

18.    With these accommodations, Ms. Perez successfully performed her job as a Store Manager.

19.    Ms. Perez suffered a stroke on April 17, 2019.  As a result of her stroke, Ms. Perez experienced additional substantial limitations on major life activities, including her ability to stand, walk, grip, bend, kneel, carry, and stoop, among others.

20.    Because of her stroke, Ms. Perez began medical leave on or about April 19, 2019.

21.    While on medical leave, Circle K human resources representatives instructed Ms. Perez that she could not return to work until she became able to perform all essential functions of her job, which included the ability to stand or walk

her entire shift, push and pull with 20 pounds of force, climb a ladder, and lift and carry objects weighing up to 60 pounds.

22.  Ms. Perez requested to return to work with the same accommodations she was previously allowed, including the ability to work while seated and to have other store employees perform physical duties that Ms. Perez was unable to perform.  Circle K did not offer or allow this accommodation but instead continued Ms. Perez's medical leave.

23.  Ms. Perez remained on medical leave until Circle K terminated her employment on December 3, 2019.

24.  Circle K terminated Ms. Perez because she was allegedly unable to perform the essential functions of her position as a Store Manager.

**Factual Allegations Regarding Plaintiff's FLSA Claim**

25.  Circle K employed Ms. Perez within the meaning of the FLSA.

26.  Circle K hired Ms. Perez.

27.  Circle K maintained Ms. Perez's employment records.

28.  Circle K set Ms. Perez's schedule.

29.  Circle K paid Ms. Perez's wages.

30.  As a Store Manager with Circle K, Ms. Perez was paid hourly and was required to work at least 50 hours per week.

31. As a Store Manager, one of Ms. Perez's responsibilities was to perform daily "fuel surveys."

32. To perform a fuel survey, Ms. Perez drove her personal vehicle to other local gas stations, recorded their displayed fuel pricing, and entered this information into Circle K's fuel survey system.

33. Ms. Perez was required to perform a fuel survey three times per shift, once on her way to work, once during lunch, and once on the way home from work.

34. Ms. Perez was not "on-the-clock" when she performed the morning and evening fuel surveys.  Instead, she clocked in when she arrived at work in the morning, after performing the morning fuel survey.  Similarly, Ms. Perez clocked out when leaving work in the evening, before she performed the evening fuel survey.

35. It took Ms. Perez approximately 30 minutes to perform a fuel survey.

36. Because Ms. Perez was not clocked in when performing the morning and evening fuel surveys, she received no pay for these working hours, including minimum wage and overtime.

**Factual Allegations Regarding Plaintiff's Breach of Contract Claim**

37. Circle K employed Ms. Perez to perform work as a Store Manager.

38. Circle K had a contract with Ms. Perez to pay her at an agreed-upon rate for

all hours worked on behalf of Circle K.

39.   Ms. Perez did in fact perform work on behalf of Circle K.

40.   As described above, Ms. Perez performed fuel surveys while off-the-clock. Therefore, despite Circle K's contractual obligations, it failed to pay Ms. Perez the agreed-upon hourly rate for all hours she performed work on behalf of Circle K.

**COUNT ONE**

**Disability Discrimination in Violation of Title I of the ADA**

41.   Ms. Perez incorporates the above paragraphs as if fully set forth herein.

42.   Title I of the ADA prohibits employers from terminating an employee due to the employee's disability or perceived disability.  Title I of the ADA also requires that employers reasonably accommodate an employee's disability.

43.   Ms. Perez was a qualified individual with a disability under the ADA, as she was able to perform the essential functions of her position with or without accommodation.  Indeed, prior to her stoke, Ms. Perez successfully performed the duties of the Store Manager position with the same accommodations that would have allowed her to perform the essential functions of her job following her stroke.

44.   Defendant violated the ADA by failing to reasonably accommodate Ms.

Perez's disability by (1) allowing her to work while seated and have other store employees perform physical tasks that Ms. Perez could not perform and/or (2) permitting additional medical leave as a reasonable accommodation. Instead of accommodating Ms. Perez's disability, Defendant terminated her employment.

45. Defendant also violated the ADA by failing to engage in the interactive process to determine whether accommodations were available that would allow Ms. Perez to perform the essential functions of the Store Manager position. Defendant terminated Ms. Perez's employment instead of engaging in the interactive process required under the ADA.

46. Finally, Defendant violated the ADA by terminating Ms. Perez's employment due to her disability. Specifically, Defendant informed Ms. Perez that she was terminated because she could not perform certain essential functions of the Store Manager position, when Ms. Perez was unable to do so because of her disability.

47. Ms. Perez is entitled to recover all damages caused by Defendant's above-described ADA violations, including lost wages, compensatory damages, attorneys' fees, and litigation costs.

## COUNT TWO

### Unpaid Minimum Wage and Overtime in Violation of the FLSA

48.   Ms. Perez incorporates the above paragraphs as if fully set forth herein.

49.   The FLSA requires covered employers, such as Circle K, to pay employees at least minimum wage for all working hours.

50.   The FLSA requires covered employers, such as Circle K, to pay employees 1.5 times their regular hourly rate for all working hours over 40 per week.

51.   As set forth above, because Ms. Perez was off-the-clock when she performed the morning and evening fuel surveys, she did not receive minimum wage or overtime for these working hours.

52.   Defendant knew or should have known that Ms. Perez was working while off-the-clock, as the information she entered into the company's fuel survey system was gathered before and after working hours.  Therefore, Defendant willfully violated the FLSA in failing to compensate Ms. Perez for all her working hours.

### COUNT THREE

### Breach of Contract Under Georgia Law

53.   Ms. Perez incorporates the above paragraphs as if fully set forth herein.

54.   Defendant had a contractual obligation to pay Ms. Perez at a specified rate for

all hours worked.

55.   Defendant failed to pay Ms. Perez the agreed-upon wage for all hours worked.

56.   Each time Defendant failed to pay Ms. Perez the agreed-upon wage for hours worked, Defendant breached its contractual agreement with Ms. Perez.

57.   As a result of Defendant's breach of contract, Defendant is liable to Ms. Perez for the amount of unpaid straight-time wages she earned that remain unpaid at the contractually-specified rate.

Based on the above, Ms. Perez demands a jury trial on all triable issues and asks the Court for the following relief:

(1)   Issue a declaratory judgment that Defendant's acts, policies, practices, and procedures complained of herein violated Ms. Perez's rights under the ADA, the FLSA, and Georgia law;

(2)   Grant Ms. Perez a permanent injunction enjoining Defendant and its officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment practice or policy that discriminates against Ms. Perez and others similarly-situated;

(3)   Grant to Ms. Perez judgment in her favor and against Defendant under all counts of this Complaint;

(4)   Order Defendant to make Ms. Perez whole by providing for her out-of-

pocket losses as well as back pay in an amount equal to the sum of any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's unlawful and discriminatory acts, together with interest thereon, all in an amount to be proven at trial;

(5)    Order Defendant to compensate Ms. Perez for mental and emotional damages suffered because of Defendant's unlawful and discriminatory acts;

(6)    Order Defendant to make Ms. Perez whole by paying her all damages due under the FLSA and Georgia law, including all unpaid wages, overtime, and liquidated damages under the FLSA;

(7)    Order that Ms. Perez be reinstated or, in the alternative, be awarded front pay;

(8)    Grant to Ms. Perez her reasonable attorneys' fee and any and all other costs associated with this action; and

(9)    Grant such additional monetary and equitable relief as the Court deems appropriate.

Respectfully submitted on January 20, 2021.

**<u>Regan Keebaugh</u>**
Georgia Bar No. 535500
Radford & Keebaugh, LLC
315 W. Ponce de Leon Ave., Suite 1080
Decatur, Georgia 30030
T: (678) 271-0300
F: (678) 271-0311
regan@decaturlegal.com